**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GREGORY MARQUE HILLIE, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STATE OF GEORGIA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:13-CV-1259-RWS-JFK |

## **ORDER**

The matter is before the Court on Petitioner's post-judgment amended petition [6] and "Motion of Comparison" [7], construed as a motion to reconsider the Court's Order that dismissed for lack of exhaustion and without prejudice Petitioner's challenge to the constitutionality of his March 18, 2013, Fayette County conviction.

A party may move for alteration or amendment of a judgment if the motion is filed within twenty-eight days of the entry of judgment. Fed. R. Civ. P. 59(e). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. . . . A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (brackets, citations, and internal quotation marks omitted).

When the Court dismissed this action, it observed that there was no indication that Petitioner had filed a direct appeal or sought state habeas corpus relief. (See Final Report and Recommendation [2] at 2.) In his amendment, Petitioner informs the Court that he filed a motion to vacate in the trial court and that the trial court denied that motion. (Am. Pet. [6] at 2-3.) Petitioner, however, does not indicate that he has exhausted his state remedies either via direct appeal or by seeking state habeas corpus relief. See Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010) ("[I]n order to exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."). Finding nothing that persuades this Court to retreat from its previous decision, the construed motion to reconsider shall be denied. Accordingly,

**IT IS ORDERED** that Petitioner's construed motion to reconsider [7] is **DENIED** and that a certificate of appealability (COA) on the denial of post-judgment relief is **DENIED**. See Perez v. Sec'y, Fla. Dep't of Corr., 711 F.3d 1263, 1264 (11th Cir. 2013) (requiring grant or denial of COA for the denial of a Rule 59(e) motion).

**IT IS SO ORDERED**, this __28th__ day of July, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE